THE STATE *against* THE JUDGES of the INFERIOR COURT of COMMON PLEAS of the COUNTY OF SALEM.

### ON AMERCEMENT.

If a plaintiff assigns all his interest in a suit to A. and B., and then takes the benefit of the insolvent law, and the sheriff is appointed his assignee under the insolvent act, and the suit is carried on to judgment and execution, and the sheriff raises the money thereon, but does not pay it over to A. and B., an amercement will not be ordered against him, without proof that he had notice of the assignment to A. and B., and that he had voluntarily omitted or neglected to pay them after such notice.

---

This was a *certiorari* to the Court of Common Pleas of the county of Salem, to bring up an order of amercement which

had been made. against the sheriff. The following is the state of the case agreed upon by the attorneys of the parties : " A summons was issued out of the Inferior Court of Common Pleas of the county of Salem, returnable to March term, 1827, at the suit of Mason S. Gibbon against Jonathan Belton, upon a ·promissory note. Which suit was continued in the name of the original parties, although the said Mason S. Gibbon, after the commencement of the said suit, to wit : on the 16th day of February, A. D. 1827, assigned all his interest to the said note to ·James Brooks ; and the said James Brooks, on the 15th day of June, 1827, assigned· all his interest in the said note to Daniel L. Miller and John Cooper, merchants of the city of Philadelphia. The suit was prosecuted for the use of the said Miller and Cooper ; and at September term, 1827, judgment was entered in favor of the. plaintiff for the sum of $305.62½. Execution was issued, and the money 'was collected and received by the said Edward Smith, sheriff as aforesaid. Notice of amercement having been duly given by the attorney on record of the plaintiff, the Court of Common Pleas of the county of Salem, in the term of June, 1828, rendered judgment of amercement against the said Edward Smith, sheriff as aforesaid.

The said Mason S. Gibbon, being insolvent, applied to the Court of Common Pleas, at March term, 1827, and such proceedings were thereupon had, that the said Gibbon was on the 16th day of June, 1827, discharged according to the prayer of his petition, and the said Edward Smith was on the same day appointed his assignee according to the requirements of the act of the legislature on that subject.

Upon the motion to amerce, the sheriff it was proved or admitted that he had received the money upon the execution as aforesaid, and that he had paid the costs to the attorney of the plaintiff.

The counsel for the said sheriff offered in evidence the record of the proceedings in insolvency in the case of the said Mason S. Gibbon, together with the assignment afore-

said as an insolvent debtor, dated 16th June, 1827, as aforesaid, and also offered in evidence a certain book of said Edward Smith, as assignee of said Gibbons, an insolvent debtor, as aforesaid, to prove that he had charged himself as such assignee with the amount of moneys collected on the aforesaid execution by him as sheriff as aforesaid, of the said Jonathan Belton. To the above evidence the counsel for the party interested under the said judgment objected, and the Court of Common Pleas sustained the objection, overruled the above evidence, and rendered judgment of amercement as aforesaid.

It was not proved, upon the notice of amercement, that the said Edward Smith had notice of the assignment of the said note to Brooks, and by him to Miller and Cooper.

If upon the whole case, the Supreme Court shall be of opinion that the amercement was legally ordered, then it is agreed that the judgment of amercement shall be affirmed with costs. But if the court shall be of opinion that the judgment of amercement was illegally rendered, then the same shall be vacated and set aside.

*R. S. Field* and *F. L. McCulloch* for the plaintiff in *certiorari.*

*Richard P. Thompson* and *Wm. N. Jeffers* for the defendants.

The Chief Justice delivered the opinion of the court.

The amercement of a sheriff is founded upon his neglect, or refusal, or omission to perform some prescribed duty. By the 22d section of the act concerning sheriffs. *Rev. Laws* 241, it is enacted "That if any sheriff or coroner shall neglect or refuse to execute any writ of execution to him directed, and which hath or shall come to his hands, or where the execution shall be by *fieri facias,* shall neglect to

file a just and true inventory of the goods and chattels, lands and tenements, so taken in execution, unless such sheriff or coroner return that he hath levied to the value of the debt or damages and costs; or shall voluntarily or negligently omit, for the space of two months, rendering to the plaintiff, or plaintiffs, his, her, or their representative or attorney, the money which he shall have received from the sale of the estate of the defendant or otherwise, he shall be amerced in the value of the debt, or damages, and costs to the use of the said plaintiff or plaintiffs."

In the case before us, the breach of duty charged upon the sheriff is, the omission to pay over the money collected and received by him under an execution; and to establish legally this charge, it must have been shewn that he voluntarily or negligently omitted to render the same to the plaintiff or his representative or attorney. Before an amercement can be ordered, ten days' notice in writing of the motion is required to be given to the sheriff, for the two-fold purpose of enabling him to prepare to resist it, if undeserved, or to prevent it by making payment. The facts of the case as presented to us by the statement of the parties, are these: Mason S. Gibbons instituted a suit in the Common Pleas of Salem, by process returnable to March term, 1827, upon a promissory note; on which suit judgment was obtained at the ensuing term of September. After the commencement of the suit, Gibbons assigned on the 16th of February, 1827, all his interest in the note to James Brooks, and he on the 15th of June of the same year, assigned all his interest in the same to Daniel L. Miller and John Cooper. The suit was prosecuted for the use of Miller and Cooper, but the name of Gibbons was used throughout the proceedings; and neither the assignment nor the interest of Miller and Cooper was mentioned on any one of them, nor upon the execution which was issued on the judgment and delivered to the sheriff. No proof was made before the Court of Common Pleas, on the application for amercement,

State *v.* Salom Pleas.

that the sheriff ever knew, or had received notice of the assignment to Brooks, or to Miller and Cooper, nor does it appear by the state of the case that any demand of payment of the sheriff was ever made by either of them. Mason S. Gibbons was discharged as an insolvent debtor, agreeably to the act of the legislature, on the 16th of June, 1827, and an assignment was then made by him of all his estate, real and personal, to Edward Smith, the sheriff. In the notice of amercement the name of Mason S. Gibbons was used, and no mention was made in or on it of Miller and Cooper.

In all these facts there is no ground work for an amercement of the sheriff. There is no foundation to sustain the charge that he voluntarily or negligently omitted to render the money to the person entitled to receive it. Was there a culpable omission to render it to Miller and Cooper? Clearly not. Their title to claim it was not stated on the record or the execution, as already mentioned, nor in any wise notified to the sheriff. Why then should he have paid to them rather than to any other member of the community? Nothing appears to have given reason to the sheriff to doubt that the interest in the suit and note passed to him by the assignment of Gibbons, and that the money when collected was subject to immediate appropriation for the benefit of his creditors. I do not mean to say it actually did so pass, nor to question or deny the validity of the assignment to Miller and Cooper, or their right to the money. On these points I express no opinion. For if it be conceded, that on the application for amercement they proved an incontestable title to the proceeds of the execution, that proof alone did not justify the amercement; for they were bound to shew further that the sheriff had previously to the service of the notice of amercement *voluntarily or negligently* omitted to render them the money. Without the latter fact the amercement was not legally ordered. Courts will, as was correctly remarked by

the counsel of the defendants in *certiorari*, take notice of and protect the rights of assignees; but they must be such as are open and avowed, not such as are latent or concealed.

Much of the scope of the arguments of the defendants in *certiorari*, was to shew that Miller and Cooper were entitled to the money ; I repeat, therefore, that in deciding this case, I wish to be distinctly understood as expressing no opinion which of the parties, Miller and Cooper, or the assignee of Gibbons is entitled to the money collected under the execution. That matter may be the subject of future litigation, and as its determination is not required to arrive at a proper conclusion here, it ought to be left open. It is enough on the present occasion that the charge of wilful or negligent omission to render the money to Miller and Cooper was not sustained; and the amercement was therefore erroneously ordered.